1835.

POWELL
v.
KANE.

---

## POWELL v. KANE and others.

---

Where the court itself directs an affidavit to be referred to a master, who is to report whether there be impertinent or scandalous matter in it; there is no occasion to go into the master's office with exceptions embracing the part's supposed to be impertinent or scandalous.

Affidavits should contain matters of fact and not matters of argument: the latter will be impertinent.

The solicitor of a party had put impertinent and scandalous matter in his own affidavit used on a motion: He was ordered to pay the costs of referring it and of a hearing upon exceptions taken by him to the master's report.

---

*March 2nd,*
1835.

*Practice.*
*Impertinence*
*and scandal*
*in an affida-*
*vit.*
*Affidavit.*
*Solicitor.*
*Costs.*

The solicitor for the complainant had read his own affidavit upon a motion and therein reflected upon the opposite solicitor and his client; and the court underscored parts of it and upon the solicitor insisting that he had a right to be heard upon the subject of the alleged impertinence, the court directed that such parts should be referred to a master to report whether the same were not scandalous or impertinent. The master found them to be so. Exceptions were taken to

his report by the solicitor; and one of these exceptions went upon the ground, that there ought to have been written exceptions to the supposed scandalous and impertinent parts, before the master could take cognizance of the same.

1835.

AYRES
v.
VALENTINE.

THE VICE-CHANCELLOR decided, there was no occasion, where the court itself ordered a master to report upon scandal or impertinence in an affidavit, which had been produced in court and whereby the latter was thus in full view of its contents, to require the party moving the reference to go into the master's office with formal exceptions; and that an order to refer was enough.

His honor also, in scrutinizing the deposition, said that affidavits should contain matters of fact only and not matters of argument: for the latter would amount to impertinence.

The Vice-Chancellor supported the report of the master; and, determined, inasmuch as the improper affidavit was made by the solicitor himself in relation to a matter wherein his client had not interfered, that he alone must pay the costs of the reference and of the hearing upon the exceptions. There was no alternative or escape from this course: for the opposite party were entitled to be paid and the client on the other side ought not to pay for this act of his solicitor.

Order accordingly.